UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SEAN RYAN TOM,

Petitioner,

v.

DÉBORA BORGAS,[1] et al.,

Respondents.

Case No. 3:25-cv-00541-ART-CLB

**ORDER GRANTING LEAVE TO FILE SECOND AMENDED PETITION**

Counseled Petitioner Sean Ryan Tom moves for leave to file a second amended habeas petition. ECF No. 16. Respondents filed a non-opposition to the motion. ECF No. 17. For the reasons discussed below, the motion is granted.

**I. Background**

Tom commenced this habeas action on September 30, 2025. ECF No. 1. Counsel was appointed for Tom, and counsel made an initial appearance on February 5, 2026. ECF Nos. 6, 9. On March 31, 2026, the Court issued a scheduling order, which gave Tom 90 days to file an amended habeas petition. ECF No. 10. The Court granted Tom an extension of time to file an amended petition by August 20, 2026. ECF No. 13. Tom filed a timely first amended petition and moved for leave to file a second amended petition. ECF Nos. 14, 16.

**II. Discussion**

A petition for writ of habeas corpus "[m]ay be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242;

[1] The Court takes judicial notice that, according to the corrections department's inmate locator page, Tom is incarcerated at Ely State Prison in Nevada. The department's website states that Débora Borgas is the current warden for that facility. At the end of this Order, the Court will request the Clerk of Court substitute Débora Borgas as respondent in lieu of respondents State of Nevada and Attorney General State of Nevada. *See* Fed. R. Civ. P. 25(d).

*see also* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (recognizing general applicability of rules of civil procedure in habeas cases). Federal Rule of Civil Procedure 15(a)(2) permits an amended pleading "with the court's leave." Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Under the Local Rules of Practice, "the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." D. Nev. R. LR 15-1(a).

When determining whether to grant leave to amend, a court considers "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (applying Rule 15(a) to a habeas case). Not all factors merit equal weight; rather, "it is the consideration of prejudice to the opposing party that carries the greatest weight," as "[p]rejudice is the 'touchstone of the inquiry under rule 15(a).'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal citations omitted).

Tom states the first amended petition includes claims that he has not yet fully investigated and/or vetted and are based solely on information and belief to avoid procedural consequences that could apply under *Mayle v. Felix*, 545 U.S. 644, 663 (2005). ECF No. 16 at 2. He requests leave to file a second amended petition to afford him an opportunity to complete his limited investigation and vet the claims raised in the first amended petition. *Id.* Tom requests the Court waive the requirement that he submit a proposed second amended petition with his motion because he does not yet know the outcome of his pending investigation and vetting of the claims set forth in the first amended petition. *Id.* at 3. Respondents do not oppose the motion for leave to amend but do not waive any

potential defenses to the first amended petition or any future amended petition and/or claims. ECF No. 17.

The Court finds no prejudice to Respondents, no undue delay at this time, and justice so requires Tom to be granted leave to file a second amended petition.[2] *See* Fed. R. Civ. P. 15(a)(2). It is the usual practice of this Court to grant, in certain situations, motions to amend without the accompaniment of the amended pleading in habeas corpus proceedings. The Court finds this practice is appropriate here and waives the requirement of LR 15-1(a), given that Tom is completing his limited investigation and needs time to fully prepare an operative petition.

## III. Conclusion

It is therefore ordered that Tom's Motion for Leave to File a Second Amended Petition [ECF No. 16] is granted. Tom has up to and including 90 days from the date of this Order to file a second amended petition. In all other respects, the schedule for further proceedings set forth in the Order entered on March 31, 2026 [ECF No. 10], remains in effect.

It is further ordered that the Clerk of Court substitute Débora Borgas for respondents State of Nevada and Attorney General State of Nevada, on the docket for this matter.

DATED THIS 3rd day of September, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

2 This Order does not affect, in any manner, the operation of the statute of limitations in this case, and this Court does not mean in this Order to convey any opinion whatsoever about the applicability of the statute of limitations, the applicability of any excuse for failure to comply with the statute of limitations or other procedural bar, or the futility of any amended claims.